UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-30013

WILLIAM THOMAS FORLANDER

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 07-CV-1135

Before DAVIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff William Thomas Forlander ("Forlander") brought this action seeking declaratory and injunctive relief against the United States Probation Office for the Western District of Louisiana ("USPO"). He sought to define his registration responsibilities under the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901–16981, and to prevent the USPO from enforcing its allegedly overzealous interpretation of the Walsh Act. We have reviewed the record and the parties' briefs and conclude that Forlander no longer has

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

standing to pursue this case because his term of supervised release ended on May 28, 2008, completing his sentence. The USPO thus has no supervisory authority over him. Insofar as his claims were predicated on threats of the USPO to report him for violating the special conditions of his release,[1] there is no longer an actual controversy under Article III, and we must dismiss this case for lack of jurisdiction. Motient Corp. v. Dondero, 529 F.3d 532, 537 (5th Cir. 2008). We therefore AFFIRM the district court's dismissal for lack of subject matter jurisdiction.[2]

---

[1] Forlander also claims that he faces prosecution if he violates the Walsh Act. While true in the abstract, Forlander has not identified any specific threat, apart from the USPO's letter threatening reports to the court if he violated the terms of his release, of such prosecution. These threats are too speculative and hypothetical to support an actual controversy. See Steffel v. Thompson, 415 U.S. 452, 459 (1974).

[2] For the first time at oral argument, the government raised the issue of sovereign immunity. The government's letter brief on this issue overlooks 5 U.S.C. § 702. Because we affirm dismissal based on threshold questions of justiciability, however, we do not directly consider this issue. See Donelon v. La. Div. of Admin. Law ex rel. Wise, 522 F.3d 564, 566 (5th Cir. 2008).